GEORGE W. WILSON *et al.* v. ROBERT WILSON.

(Decided December 22, 1899.)

*Title to Land—Adverse Possession—Tenant—Parol Gift.*

1. Thirty years adverse possession will take the title out of the State, and such possession need not be continuous, nor need there be any connection between those holding the land adversely.

2. Title being out of the State, twenty years continuous adverse possession by a party, and by those under whom he claims, under known and visible boundaries, will ripen his title.

3. Possession by a tenant and those claiming under him is not adverse to the landlord nor to those claiming under him.

4. While a *parol gift* of land will not convey title, it rebuts the idea of tenancy, and possession under it becomes adverse, and will ripen the title, if continued twenty years, the title being out of the State.

WILSON *v.* WILSON.

ACTION for the recovery of land, tried before *Coble, J.,* at Spring Term, 1899, of RUTHERFORD Superior Court.

The plaintiffs introduced no paper title, but relied upon possession to show title out of the State, and in themselves. The case turned upon the point whether the possession of Berry Wilson, under whom the plaintiffs claimed, was adverse or not. The plaintiffs contended that their father, Berry Wilson, under whom they claimed as heirs at law, entered under a parol gift from his father, Robert Wilson, and that their title had ripened by adverse possession.

The defendant contended that Berry Wilson had entered as tenant of his father, Robert, and that Berry Wilson's possession was not adverse, neither was that of the plaintiffs. The evidence was conflicting as to the character of Berry Wilson's entry, whether under a parol gift, or as tenant of his father.

The character of Berry Wilson's entry was made by his Honor as a crucial test in the case.

Defendant excepted. Verdict and judgment for the plaintiffs. Appeal by defendant.

*Mr. M. H. Justice,* for appellant.
*Mr. S. Gallert,* for appellee.

FURCHES, J. This is an action for the possession of land; verdict and judgment for plaintiff, appeal by defendant. There is no statement of the case on appeal, and the judgment must be affirmed, unless error appears on the record proper.

There are several exceptions taken to the admission of evidence, which can not be sustained; and, while they have all been considered, we do not deem it necessary or profitable to the parties or the profession to discuss them in this opinion.

There are five prayers for special instructions asked by the defendant. The first three were refused, the fourth modified and given as modified in the general charge, and the fifth was given as asked. As the refusal to give these instructions, as asked, is not assigned as error, they are deemed to have been abandoned. *State v. Blankenship,* 117 N. C., 808; *McKinnon v. Morrison,* 104 N. C., 354. But although they are presumed to have been abandoned, we have examined them and find no error. The first three should have been refused, the fourth was properly modified and given in the general charge, and the fifth was given as asked.

The plaintiff offered no paper title to the land in dispute. They relied upon adverse possession of thirty years to take the title out of the State, and 20 years adverse possession in themselves, and those under whom they claim, to perfect their title. And what was peculiar about the question of adverse possession in the plaintiffs is that their ancestor was put in possession by his father, Robert Wilson. The plaintiffs claim under a *parol gift,* while the defendant claims that the plaintiffs' ancestor took possession of the land as a tenant of his father, Robert. Upon these contentions, it may be said the rights of the parties were made to depend, though there were some other questions presented on the trial of the case.

There was evidence in support of both contentions sufficient to carry the case to the jury, and it is not within the province of this Court to pass upon the weight of the evidence. As there was sufficient evidence to carry the issue to the jury, their verdict must stand unless there be error in submitting the issue to them. We have seen there was no error committed in receiving improper evidence or in rejecting proper evidence. And we have read the very full and exhaustive charge of the Court, and find no error in that. The Court distinctly charged the jury that if Berry Wilson,

the father of the plaintiffs, entered upon and took possession of the land as the tenant or lessee of his father, Robert Wilson, they could not recover, though they may have held this possession for 20 years or more; that to enable the plaintiffs to recover they must show by the greater weight of evidence that their father, Berry, did not enter or hold the possession as tenant, but that he entered and took possession of the land under a *parol gift*, and held the land and possession as his own, adverse to the claims of anyone; that the parol gift conveyed no title to the land, but it rebutted the allegation, or idea of tenancy, and put the statute in operation, which in 20 years gave the plaintiffs title.

It seems to us there was nothing in this charge that the defendant can complain of. It may be that it went further, in placing the burden of proof on the plaintiffs, than was authorized by law. *Bryan v. Spivey,* 109 N. C., 57, on p. 69, where it is held that actual possession is presumed to be *adverse,* and will be so held unless the contrary is made to appear. But as this case showed that Berry, the father of the plaintiffs, had been put into possession by his father, Robert; and as the plaintiffs showed no paper title from Robert, we are not prepared to say but what the Court was correct in placing this burden on the plaintiffs. But if there was error in this respect, it was in favor of the defendant, and he has no right to complain.

As no error has been pointed out by the exceptions or assignments of error, and as we see none, the judgment is
Affirmed.